FILED

MAR 10 2008

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr297-CSC |
| | ) | |
| NETTE R. GARRISON | ) | |

## CLOSING INSTRUCTIONS TO THE JURY

Ladies and gentlemen of the jury: It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the information. You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out or disregard any of the court's instructions on the law.

The information against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove her innocence or to produce any evidence at all. The government

has the burden of proving a defendant guilty beyond a reasonable doubt, and it if fails to do so, you must find the defendant not guilty.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable" doubt concerning the defendant's guilt. A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all of the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, it is your duty to say so. If you are not convinced, it is your duty to say so.

As I stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything that the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating

that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary. In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions.

Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have any personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from the testimony of other witnesses? You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important facts; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does

not necessarily mean that the witness was not telling the truth as he or she remembers it, because people tend naturally to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or only with an unimportant detail.

~~If the defendant takes the stand:~~

The defendant testified, as she had a right to do. The law says you should not disregard her testimony just because she is the one on trial. Do not disregard her testimony just because she is the defendant, but weigh it and evaluate it and measure it by the same standards that you did any other witness' testimony.

\*\*\*

As you recall from my general instructions before we commenced this trial, I read the information to you which contains the formal charge against this defendant. Again, I instruct you that the information is simply a charge and that it is not in any sense evidence of the allegations it contains. The charge against the defendant in this case is defined by statute.

Title 18, United States Code, Section 641, makes it a federal crime for anyone to steal any money or property belonging to the United States having a value of less than $1000.

The defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

> First:	That the money or property described in the information belonged to the United States government;
>
> Second:	That the defendant stole or converted such money or property to her own use; and
>
> Third:	That the defendant did so knowingly and willfully with intent to deprive the United States of the use or benefit of the money or property so taken.

It is not necessary to prove that the defendant knew that the United States owned the property at the time of the wrongful taking, so long as it is established that the Government did in fact own the money or property involved, and that the defendant knowingly and willfully converted it.

To convert means the wrongful or willful taking of money or property belonging to someone else with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions. Any appreciable change in the location of the property with the necessary willful intent constitutes a taking whether or not there is an actual removal of it from the owner's premises.

I caution you, members of the jury, that you are to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on trial only for the specific offense alleged in the information.

Also, the question of punishment should never be considered by a jury in any way in deciding the case. If the defendant is convicted, the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with. Remember that in a very real way you are the judges, judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached a unanimous verdict, you will have your foreperson fill in the verdict form, date, and sign it, and then return to the courtroom. If your desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send me, that you should not tell me your numerical division at the time.

It is proper, I think, for me to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial in making rulings on evidence or otherwise, has been said or done to suggest to you what I think your verdict should be. What the verdict should be is your exclusive duty and responsibility.